UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                    File No.  1:04-CR-165

v.

                                    HON. ROBERT HOLMES BELL

DONALD MAYNARD BUFFIN, JR.,

        Defendant.
                                        /

## MEMORANDUM OPINION AND ORDER

      This matter is before the Court on Defendant Donald Maynard Buffin, Jr.'s motion for acquittal.  On June 14, 2005, the jury returned a guilty verdict against Defendant on multiple counts of mail fraud, money laundering, conspiracy to commit mail fraud and money laundering, and conspiracy to defraud the United States.  Following the guilty verdict, Defendant filed the present motion on June 22, 2005.  The Government has responded contending that the Court is without jurisdiction to hear this motion because it is untimely.  The Government's argument is incorrect.  Accordingly, the Court will require that the Government file a response fully addressing the merits of Defendant's motion.

      Motions for acquittal are governed by Federal Rule of Criminal Procedure 29. Specifically, Rule 29(c) applies to this motion filed after the guilty verdict and discharge of the jury. Rule 29(c)(1) addresses the timing for the motion: "A defendant may move for a judgment of acquittal, or renew such a motion, within 7 days after a guilty verdict or after the court discharges the jury, whichever is later, or within any other time the court sets during

the 7-day period." FED. R. CRIM. P. 29(c)(1).  The time limit provided in Rule 29 is strictly enforced.  *See Carlisle v. United States*, 517 U.S. 416, 421 (1996); *United States v. Emuegbunam*, 268 F.3d 377, 397 (6th Cir. 2001).

In arguing that Defendant's motion is untimely, the Government appears to overlook Federal Rule of Criminal Procedure 45.  *See Emuegbunam*, 268 F.3d at 397 (applying Rule 45(A) to compute the seven-day period for filing a motion under Rule 29(c)).  Rule 45 outlines the guidelines for computing any period of time specified in the Federal Rules of Criminal Procedure.  In addition to excluding the day of the event beginning the period of time, in this case the date of the guilty verdict, Rule 45(a)(2) mandates that for periods of less than 11 days, intermediate Saturdays, Sundays, and legal holidays are excluded.  FED. R. CRIM. P. 45(A)(2).  Therefore, applying Rule 29 and 45, the time for filing the motion for acquittal began on Wednesday, June 15, 2005, the day following the guilty verdict.  The intermediate Saturday and Sunday are excluded pursuant to Rule 45(A)(2), thus the deadline for timely filing the motion was Thursday, June 23, 2005.  Defendant filed his motion on June 22, 2005, within the required time limit.  Accordingly, the Government's argument fails and the Court must assess the merits of Defendant's motion. In order to facilitate this review, the Court requests that the Government file a response addressing the merits of Defendant's motion for acquittal.


Date:     July 18, 2005              /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE